**In re Daniel J. CASEY (formerly d/b/a Casey Transportation), Debtor.**

**BENEFICIAL FINANCE COMPANY, Plaintiff,**

v.

**Daniel J. CASEY (formerly d/b/a Casey Transportation), Douglas J. Wolinsky, Esquire, Trustee, Defendants.**

**Bankruptcy No. 82–00094.**

**Adv. No. 82–0085.**

United States Bankruptcy Court, D. Vermont.

Aug. 25, 1982.

Michael D. Caccavo, Barre, Vt., for Beneficial Finance Co. of Vermont.

John F. Webster, St. Albans, Vt., for debtor.

ORDER AS TO COMPLAINT FOR RELIEF FROM STAY AND RECOVERY OF PROPERTY AND DEBTOR'S REQUEST FOR AVOIDANCE OF LIEN

CHARLES J. MARRO, Bankruptcy Judge.

The Plaintiff filed a Complaint for Relief from Stay and recovery of personal property and the Debtor filed his Answer and added an affirmative defense claiming that the personal property consisting of tools used by the Debtor in his trade is exempt under 12 V.S.A. § 2740 and that pursuant to § 522(f)(2)(B) of the Bankruptcy Code the lien of the Plaintiff on these tools may be avoided. These matters came on for hearing, after notice.

From the testimony adduced at said hearing the following facts are established:

The Debtor for a period of years up until six years ago was employed as a mechanic. He then became a maintenance man and truckdriver after which he was unemployed. In connection with his job as truckdriver, he also worked as a mechanic in maintaining his truck. He never gave up his occupation as a mechanic.

He filed his Petition for Relief on May 7, 1982 at which time he was unemployed or had just started working as a mechanic. Two or three months ago he became employed as a mechanic by Munson Earth Moving and he is now so employed.

The list of property attached to the Complaint of the Plaintiff for Relief from Stay consists of tools which are used by the Debtor in his trade as a mechanic. The obligation of the Debtor to the Plaintiff as a secured creditor arises from a loan made to him by the Plaintiff but it did not involve purchase money for the tools. Therefore, the Plaintiff does not hold a purchase money security interest.

Under 27 V.S.A. § 2740 a debtor is entitled to exempt from attachment and execution, inter alia, such tools as may be necessary for sustaining life and one tool chest kept for use by a mechanic. It follows that the personal property which the Plaintiff seeks to recover is in fact exempt and, pursuant to § 522(f)(2)(B) of the Bankruptcy Code, the Debtor is entitled to avoid the lien of the Plaintiff since it impairs an exemption to which the Debtor is entitled, such lien being a non-possessory non-purchase money security interest in the tools of the trade of the Debtor.

Now, therefore, upon all proceedings had before me, it is

ORDERED as follows:

1. The Complaint of Beneficial Finance Company of Vermont filed on June 15, 1982 to modify stay and for recovery of property is DISMISSED.

2. The claimed security interest of the Plaintiff, Beneficial Finance Company of Vermont in the personal property described in the Schedule attached to its Complaint is hereby avoided pursuant to § 522(f)(2)(B) of the Bankruptcy Code.